No. 863
SUDANO v. STATE
LOMBARDI v. STATE
Ohio Appeals. 9th District, Summit County
Nos. 591, 740. Decided April 3, 1923

**129. CRIMINAL LAW.**

Certain evidence admissible to prove conspiracy—What constitutes aiding and abetting a crime.

FUNK, J.

Epitomized Opinion

Sudano and Lombardi were indicted jointly for murder in the second degree for the killing of Jim Carmardo. One Joe Conti had seen Lombardi's brother having illicit relations with Jim Carmardo's wife. Sudano and Lombardi met Joe Conti, accused him of talking too much about Carmardo's wife and when Conti turned away from them, emptied their revolvers at him without hitting him, and then ran after him. Sudano overtook Conti and began striking him. Jim Carmardo then came and seized Conti and began striking him. Andrew Rera, Sr., then appeared and fired at Conti, but the bullet struck Jim Carmardo, resulting in Carmardo's death. Andrew Rera, Sr., then drew a knife and stabbed Conti. Sudano who was still holding and striking Conti, called to Andrew Rera, Jr., who had approached to attack Conti. Whereupon Rera, Jr., fired at Conti, the bullet striking him on the jaw. Conti fell but was not killed. Lombardi, who had run after Conti a little way after shooting at him, had not accompanied Sudano further, but had turned and run away. Both Sudano and Lombardi were convicted of second degree murder. Both prosecuted error to this court. Held:

1. Evidence concerning the illicit relations of Lombardi's brother with Carmardo's wife was properly admitted because it showed a motive for the animosity against Joe Conti and reflected upon the probability of a conspiracy to kill him.

2. Although the evidence admitted was competent, there was not sufficient evidence to establish beyond a reasonable doubt a prior conspiracy between the assailants to kill Joe Conti.

3. Although Sudano was not a conspirator, the jury was justified in finding that he did do some overt act to incite and encourage the homicide and that he was guilty as an aider and abettor of murder in the second degree.

4. The evidence did not establish beyond a reasonable doubt that Lombardi was present and did any act to encourage and incite Andrew Rera, Sr., to shoot.

Judgment against Sudano confirmed. Judgment against Lombardi reversed.

WASHBURN, J., concurs.

PARDEE, J. (dissenting in Sudano case).

1. The record does not disclose a conspiracy. Therefore the evidence of misconduct of Carmardo's wife was incompetent and it was prejudicial.

2. The record does not show that Sudano did any overt act with a view to inciting Andrew Rera, Sr., to participate in the affray.

Attorneys—V. A. Marco, for Sudano and Lombardi; A. W. Doyle, Pros. Atty., W. B. Wanamaker, Asst. Pros. Atty., for State.

---

No. 864
RED STAR TRANSPORTATION CO. v. STUDEBAKER LINES et al
Ohio Appeals, 7th District, Guernsey County
No. 12430. Dated Sept. 24, 1923

**216. INJUNCTION.**

Injunction is proper where Bus Line, without first securing a certificate of public convenience and necessity, interferes with another Bus Line.

TURNBAUGH, J.

Epitomized Opinion

This was an action for an injunction brought by the Red Star Transportation Company against the Studebaker Company to enjoin the latter from operating a bus line over the national highway between the cities of Cambridge in Guernsey county and Zanesville in Muskingum county. The plaintiffs had procured a certificate of public convenience and necessity, but the defendant had not secured such a certificate as required by GC. 614-87 and 614-88. The defendant maintained that the plaintiff had an adequate remedy at law, and that the acts complained of were punishable under the criminal statute, GC. 614-100, and therefore a restraining order should not be granted. In issuing a restraining order, the court held:

1. A motor transportation company furnishing adequate service and operating under a certificate of public convenience in accordance with GC. 614-84, whose regular route is invaded by another motor transportation company and whose establishd service is thereby substantially affected or impaired, may enjoin such other or invading company from operating thereover until such other company has secured a certificate of public convenience or permission from the Public Utilities Commission.

Attorneys—Thornburg & Lewis and Scott & Scott, for Red Star Co; Schuback, Joyce and Porter, for Studebaker Lines.